IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JERRY LEWIS PRICE,                              *

    Plaintiff,                                    *

        v.                                           *      2:11-CV-483-ID
                                                             (WO)

ROBERT BENTLEY, GOVERNOR              *
OF ALABAMA, *et al*.,
                                               *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 19, 2011 Plaintiff, an inmate housed at the Morgan County Detention Center in Decatur, Alabama, filed this 42 U.S.C. § 1983 complaint claiming that he received inadequate medical treatment at the Kilby Correctional Facility in 2007. Plaintiff states in his request for relief that he does not seek monetary damages but requests that he be provided with the community standard of care consistent with constitutionally required medical treatment as well as protection from retaliation as a result of filing the instant complaint. (*Doc. No. 1*.)

Upon consideration of the pleadings filed in this case, the court concludes that the instant complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). [1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the

## I. DISCUSSION

Plaintiff complains that while incarcerated at the Kilby Correctional Facility between August and November 2007 he was diagnosed with hepatitis C after undergoing medical intake screening. Plaintiff maintains, however, that he did not learn of the diagnosis until the latter part of 2009 while he was incarcerated at the State Cattle Ranch and went for a sick call visit. It was only then, Plaintiff claims, that a doctor informed him that his medical records made during his incarceration at the Kilby Correctional Facility reflected a diagnosis of hepatitis C. Plaintiff complains that he was never informed of the diagnosis while incarcerated at Kilby and never received any treatment for it. Plaintiff requests that he be provided with constitutionally adequate medical care for hepatitis C and that he not be subjected to retaliation for filing this action. (*Doc. No. 1*.)

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Plaintiff is no longer incarcerated at the Kilby Correctional Facility. The law is well settled that the transfer of a prisoner will moot his individual claim for injunctive and declaratory relief. *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984); *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985); *Smith v. Allen,* 502 F.3d 1255, 1267 (11th Cir.2007). Even if Plaintiff were heard to argue that he may be an inmate again at the Kilby Correctional Faciilty and, therefore, his request

---

complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

…

for injunctive relief is not moot, both the Supreme Court and the Eleventh Circuit have rejected such claims. *Spencer v. Kemna,* 523 U.S. 1, 15 (1998); *McKinnon,* 745 F.2d at 1363 (citing *Dudley v. Stewart,* 724 F.2d 1493, 1494 (11th Cir. 1984)).

Because Plaintiff is not incarcerated at the Kilby Correctional Facility, there is no case or controversy to litigate, and Plaintiff's complaint for injunctive relief is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to state a claim on which relief may be granted. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this complaint be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **July 12, 2011** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of June 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE